IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rasheed Muhammad, a/k/a Rasheed Abdullah Muhammad, #HC06022322595, a/k/a James Lee Johnson, | ) ) ) | Case No.: 5:24-cv-1143-JD-KDW |
| | ) | |
| Plaintiff, | ) ) | **ORDER AND OPINION** |
| vs. | ) ) | |
| Florence County Sheriff's Dept.; Florence County Detention Ctr; and Ofc. Ms. McFadden, | ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  (DE 18.)  Plaintiff Rasheed Muhammad ("Plaintiff" or "Muhammad"), proceeding *pro se*, brings this action alleging violations of his Fifth, Eighth, and Fourteenth Amendment Constitutional rights by Defendants Florence County Sheriff's Dept., Florence County Detention Ctr, and Ofc. Ms. McFadden (collectively "Defendants"). Muhammed alleges, "A federal inmate was placed in my area, which allowed him to gain access to my room and physically assault me after a[n] officer already witness[ed] a verbal argument between me and this party on Dec 17[,] 2023." (DE 1, p. 4.)

On March 28, 2024, the Court ordered Plaintiff to complete service documents for the Defendants named in his case.  (DE 9.)  Plaintiff was warned that the failure to provide the

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

necessary information within the specified time period may subject his case to dismissal. (*Id.*) The March 28 Order was mailed to Plaintiff at the Florence County Detention Center, which is the address that was listed on his Complaint. (DE 11.) On April 1, 2024, Plaintiff filed a Notice of Change of Address with the Court directing the Court to forward his mail to 705 Layton Street. (DE 12.) The Court re-mailed a copy of the March 28 Order to Plaintiff's new address on April 2, 2024. (DE 13.) On April 9, 2024, the March 28 Order that was initially sent to Plaintiff was returned to the Court as undeliverable with the notation "Return to Sender, Released, UTF." (DE 14.) The proper form order that was re-mailed to Plaintiff at the new address he provided to the Court has not been returned to the Court; accordingly, Plaintiff is presumed to have received the proper form order. Because Plaintiff has failed to file a response to the March 28 Order, the Court presumes Plaintiff is no longer interested in prosecuting his action.

The Report was issued on May 17, 2024, recommending that Plaintiff's case be dismissed without prejudice. Although Plaintiff purported to file an objection to the Report (DE 24), he merely indicates that he "would like for all proceeding to continue regarding my case." (DE 28, p. 1.) However, objections to a report and recommendation must be specific to be actionable. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140 (1985) (emphasis added)). In the absence of *specific* objections to the Report and Recommendation of the magistrate judge, this Court is not

required to give any explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record.  Thus, the Court adopts the Report (DE 18) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's Complaint is dismissed without prejudice.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 5, 2024

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.